ROBERT P. SMITH, Jr., Acting Chief Judge.
Appealing from a judgment and sentence for grand theft of a motel room television set, entered on a plea of nolo contendere reserving an appeal on suppression issues, Wilkerson urges that his Fourth Amendment rights were violated. At 2:30 in the morning officers stopped the automobile in which Wilkerson was a passenger because of a missing headlight. While one officer asked the driver for his license, the other approached on the passenger’s side and observed in the back seat a television set with the black number 145 on the top. Associating the numbered television set with those commonly found in motel rooms, the officer asked Wilkerson for identification. When Wilkerson pulled his identification papers from his pocket, he inadvertently produced a motel room key as well, which the officer observed. The officer asked Wilkerson for the key and found it was the key to room 145 of the Travel Lodge Motel. A telephone call verified that the television set from room 145 was missing.
The stop was justified for a traffic violation; the request for passenger identification was justified by the presence in plain view of a numbered television set which the officer associated, with founded suspicion, with a motel; and the appearance of a motel room key in Wilkerson’s possession further reinforced that suspicion and justified the limited further intrusion represented by the officer’s request for possession and closer inspection. To the extent that the episode constituted an incremental search, it was reasonable by Fourth Amendment standards. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); Jester v. State, 339 So.2d 242 (Fla. 3d DCA 1976). Brown v. Texas, - U.S. -, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).
AFFIRMED.
LARRY G. SMITH, J., concurs.
ERVIN, J., dissents.