GLICKSTEIN, Judge.
Appellant was charged with possession of cocaine. Following denial of his motion to suppress, he pled no contest, reserving the right to appeal the trial court’s ruling. Adjudication was withheld and appellant placed on probation for three years. Appellant contends that seizure of the cocaine from his shirt, pocket was illegal because the frisk was not authorized by Section 901.151(5), Florida Statutes (1977). We agree and reverse.
Police Officer Richard Vaughn of the Town of Palm Beach was on routine patrol shortly after 1:00 a. m. on December 15, 1978. While he was stopped at an intersection, an automobile passed him with the dome light on and the three occupants huddled together as if searching for something. When the occupants saw the police car, they straightened up and turned off the dome light. Vaughn followed the automobile and after observing one of the tail lights not functioning pulled the automobile over. After getting permission of the driver, Mr. Gillespie, to search the automobile, Vaughn called for a backup unit and asked the occupants to get out of the automobile. Keith Chauncey, appellant herein, got out of the automobile on the passenger side of *783 the front seat. Within seconds, the backup officer, Robert C. Anderson, arrived at the scene. Immediately upon his arrival, Officer Anderson asked Officer Vaughn if he had patted anybody down. When Officer Vaughn said he had not, Officer Anderson began patting down the occupants, while the other officer began to search the vehicle. In patting down appellant, Officer Anderson felt an object about three inches long in appellant’s shirt pocket, seized it and found it to be a glass tube about one-sixteenth (Vi6") of an inch in diameter. Turning his flashlight on the tube, the officer saw a white powdery substance which he determined to be cocaine. He then placed appellant under arrest. Officer Vaughn testified at the motion to suppress that he had no reason to believe the driver or the passengers were armed.
This case is governed by our decision in Schnick v. State, 362 So.2d 423, 425 (Fla. 4th DCA 1978), wherein we held:
Section 901.151(5), Florida Statutes (1975) sets out entirely separate and distinct requirements which must be met before a person may be searched. The right to search does not automatically follow once the right to detain is established. State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976). Temporary detention, unlike arrest, does not itself authorize a search “incident to detention.” It is true in some instances that the same circumstances justifying the detention also establish probable cause to believe that a weapon is involved and hence justify a search. Wilson v. State, 324 So.2d 700 (Fla. 4th DCA 1976). But the search must be based on probable cause to believe that the detainee is armed with a dangerous weapon.
The record affirmatively shows that Officer Vaughn had no reason to believe appellant was armed, and the only reason Officer Anderson conducted the pat-down was because the other officer had not. Accordingly, the judgment and sentence must be reversed with directions that the order denying the motion to suppress be vacated and any further proceedings be in accordance with the terms of this opinion.
REVERSED and REMANDED.
DOWNEY, C. J., and BERANEK, J., concur.