537 So.2d 117 (1988)
James JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-833.
District Court of Appeal of Florida, First District.
December 29, 1988.
Rehearing Denied February 1, 1989.
*118 Michael E. Allen, Public Defender and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and A.E. Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant raises the following points on appeal from his convictions for the offenses of possession of cocaine and drug paraphernalia: (1) The trial court erred in denying appellant's motion to suppress physical evidence seized as a result of an illegal pat-down search; (2) the trial court committed reversible error when it failed to inquire regarding the reasons for the prosecutor's use of peremptory challenges to exclude blacks, and it erred in failing to grant appellant's motion to excuse the entire jury; (3) the state's circumstantial evidence was legally insufficient to prove beyond a reasonable doubt that appellant possessed cocaine; and (4) the trial court incorrectly instructed the jury as to the elements of the offense of possession of drug paraphernalia by refusing to give the jury the instruction requested by appellant. We reverse as to the first and second issues with directions. We find no merit in appellant's third point and therefore affirm. As to the fourth point, our disposition of the first issue, holding infra that the trial court erred in failing to grant appellant's motion to suppress the drug paraphernalia, moots the necessity of our addressing the question of whether the lower court erred in failing to give the jury appellant's requested instruction regarding possession of drug paraphernalia.
On October 8, 1987, at approximately 12:15 a.m., Police Officers Parker and Watzlawick observed a vehicle driven by a white male, in which appellant, a black male, was a passenger, going three times around a city block located in a known narcotics area. The car stopped in the roadway and two persons approached the passenger's side of the car. After they had a short conversation with the occupants of the vehicle, the car departed. The vehicle proceeded at an extremely low rate *119 of speed and the officers decided to stop it because, in Officer Parker's opinion, the vehicle was obstructing the flow of traffic. Officer Parker approached the driver and requested his driver's license. As the driver handed the license to the officer, Parker leaned in the car and saw appellant, whom he recognized. Parker then asked both persons to leave the car for the purpose of submitting to a weapons search. Parker frisked the driver, and Watzlawick conducted a pat-down search of appellant. Watzlawick felt a hard object in appellant's right-hand pocket, and, believing it to be a pocket knife, reached inside appellant's pocket, taking from it a pipe which, based upon his experience, appeared to be one used to smoke rock cocaine. After appellant was placed inside the patrol car, Officer Watzlawick returned to the stopped vehicle, where he found two plastic bags on the ground approximately six inches from where appellant had been standing during the search. The bags' contents were subsequently identified as cocaine. Both officers testified that appellant's hands had been closed on top of the car during the frisk and that his hands were open while he was being escorted to the patrol car. Moreover, the bags had not been observed on the ground when the officers first approached the car.
The initial stop was correctly validated as a legitimate traffic stop. In addition, we have no difficulty sustaining the stop of the vehicle pursuant to the Stop and Frisk Law, Section 901.151(2), Florida Statutes (1987), which permits a law enforcement officer to stop and temporarily detain a person when circumstances indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of the state. This court has previously approved a brief investigatory stop on facts remarkably similar to those at bar. In Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988), a black man and a white man were validly stopped by an experienced police officer after the officer observed their automobile in a known narcotics area, making several turns, and appearing to be headed in no particular direction, and the passenger seemed to be bent over toward the floorboard. Although each circumstance in the instant case, separately considered, may not in itself give rise to the well-founded suspicion of criminal activity, we conclude, after weighing the totality of all of the circumstances, that the officers in the instant case had a well-founded suspicion of criminal activity, sufficient to justify the initial stop of the vehicle in which appellant was a passenger.
A lawful stop does not of its own force, however, validate a frisk. The routine stopping of a vehicle for a traffic citation does not give rise to any reason or authorization for a search. State v. Gustafson, 258 So.2d 1, 3 (Fla. 1972). Moreover, Section 901.151(5) permits a law enforcement officer to conduct a search of the person whom he has temporarily detained only to the extent necessary to disclose the presence of a weapon when the officer has probable cause to believe the person is armed and dangerous. See State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (1980).
The instant case does not show that the officers possessed probable cause, or even an articulable suspicion, to believe that the automobile's two occupants were armed and dangerous. Both persons were cooperative. Moreover, the two officers neither observed the occupants make any furtive movements, nor did they see a bulge in appellant's clothing prior to Watzlawick actually conducting the frisk.
Finally, the frisk cannot be sustained based on the officers' general comments that "[m]ost of these narcotics are related to weapons" and that they were concerned about their safety. In fact, Watzlawick testified that he patted appellant down to see if he was dangerous. See Chauncey v. State, 382 So.2d 782 (Fla. 4th DCA 1980) (seizure of cocaine resulting from pat-down search of passenger in automobile was illegal under section 901.151 because officer had no reason to believe the passenger was armed when he stopped the car for a tail-light violation, after having observed the car passing him with its dome light on and the three occupants huddled together as if *120 searching for something); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980) (fact that defendant walked briskly away from parked vehicle after observing police officers was insufficient basis to justify investigatory stop or subsequent pat-down search). Cf. Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988) (search of defendant's person conducted after lawful investigatory stop was justified when officer observed cocaine smoking device in plain view); State v. Brock, 426 So.2d 1287 (Fla. 1st DCA), review denied, 436 So.2d 97 (1983) (police officer who stopped car meeting description of stolen automobile was justified in arresting and searching occupants and auto when routine check revealed outstanding warrants); State v. Webb, 398 So.2d 820 (Fla. 1981) (frisk of person stopped because he matched the BOLO description of an armed robbery suspect was valid). Because the record fails to establish that the officers were able to point to specific and articulable facts which led them reasonably to conclude "that the individual whose suspicious behavior ... [they were] investigating at close range is armed and ... dangerous to the ... [officers]," Terry v. Ohio, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889, 908 (1968), the evidence produced from that search, i.e., the pipe, should have been suppressed. Therefore, we agree with appellant that the trial court erred in denying his motion to suppress the evidence relating to the charge of narcotics paraphernalia.
Regarding appellee's claim that the error was not preserved for appellate review, because, at the time the state moved for the introduction of the paraphernalia into evidence, defense counsel stated that he had no objection to its admission, appellee cites in support thereof, Tennant v. State, 205 So.2d 324 (Fla. 1st DCA 1967), cert. denied, 210 So.2d 227 (1968), and Baglio v. State, 467 So.2d 1030 (Fla. 4th DCA 1985). The facts in both these two cases, however, are distinguishable from those at bar. In Tennant, the defense first moved at the conclusion of the state's case to suppress a photograph from evidence. This court held the error was not preserved because the photograph and other evidence pertaining to a search had previously been admitted without objection. In Baglio, the defendant's motion to suppress was denied prior to trial and no objection was made during trial to the admission of the evidence. Unlike the above cases, the defendant not only moved to suppress the paraphernalia before the commencement of the trial, but also at the beginning of trial, as well as at the close of both the state's and his case, and the court made the same rulings. The factual scenario before us, we consider, is more analogous to that in Gaines v. State, 406 So.2d 523, 527 n. 5 (Fla. 4th DCA 1981), in which the defendant sought to suppress certain testimony of a witness both before trial and during trial at the outset of the witness's testimony. Although counsel did not object to the specific questions asked of the witness which elicited the testimony previously sought to be suppressed, nevertheless, the Fourth District determined that counsel's objection at the outset of the witness's testimony was sufficient to preserve the error for appellate review.
Under the circumstances, we consider that the issue in the instant case is governed by the rule not requiring an attorney to pursue a completely useless course once the judge has announced in advance that further pursuit of that course would be fruitless. See Bailey v. State, 224 So.2d 296 (Fla. 1969); Harding v. State, 301 So.2d 513 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 151 (1975). In view of the fact that the trial court had been clearly apprised of defense counsel's objection to the introduction of the drug paraphernalia into evidence by his pretrial motion and the renewal of the same motion at the commencement of the trial, we consider that a third objection was not, under the circumstances, required at the specific time of the introduction of the evidence.
We do not, however, agree that the trial court erred in denying appellant's motion to suppress the cocaine packages found on the ground near where appellant *121 had been standing. The officers clearly had a right to stop the vehicle and temporarily detain the occupants, which includes the right to ask for identification. See Wilkerson v. State, 376 So.2d 63 (Fla. 1st DCA 1979) (police properly asked for identification of passenger in automobile stopped for headlight violation when television set was seen in the back seat of the car). The cocaine discovered on the ground was in plain view of an officer who had the legal right to be where he was; therefore, the trial court did not err in denying appellant's motion to suppress the cocaine packages.
In addition to the trial court's error in denying appellant's motion to suppress the drug paraphernalia, we also find that reversal of the conviction is required as to appellant's second point, regarding the trial court's failure to conduct a hearing for the purpose of determining the prosecutor's motivation for exercising three peremptory challenges to exclude blacks. During jury selection, appellant's counsel moved the lower court three times to require the prosecutor to give his reasons for the challenges, or for the court to strike the entire jury panel after it became apparent that the prosecutor had used three of his six peremptory challenges to exclude blacks. The trial judge clearly recognized that defense counsel was requesting a Neil hearing, however, he declined to grant counsel's motion, observing that the composition of the jurors seated included three blacks, three whites, as well as one black alternate.
The failure to conduct a hearing under the circumstances was error. In State v. Neil, 457 So.2d 481 (Fla. 1984), the Florida Supreme Court established the following test to determine improper bias in the prosecution's exercise of peremptory challenges to exclude black jurors:
A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race.
Id. at 486 (footnote omitted). The burden of demonstrating a "strong likelihood" of bias has been liberally interpreted as providing the defendant "broad leeway," so that any doubt as to whether the defendant has met this burden should be resolved in his favor. See State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Construing the facts in this case in favor of the defendant, we conclude that defense counsel raised a prima facie showing that a likelihood of discrimination existed.
The trial court not only denied each motion for a Neil inquiry, it also denied defense counsel's motion to strike the jury, stating that the motion was not well-founded. The judge observed that three of the six jurors who had been seated were black and that the alternate was black. His comments upon each motion for a Neil hearing were likewise related to the number of blacks seated on the jury and seem to indicate that he was merely counting numbers when he determined that the state's exercise of its peremptory challenges did not reflect a strong likelihood of bias. Clearly, the trial court's explanation does not comply with the Neil test, as later clarified by the Florida Supreme Court in Slappy, in which the court observed that the issue of what constitutes a strong likelihood of bias under Neil cannot be resolved by counting the number of jurors excused because of race, or the number of jurors who have been seated. This is so because
`the striking of a single black juror for a racial reason violates the Equal Protection Clause, even where other black jurors are seated, and even when there are valid reasons for the striking of some black jurors.'
Slappy, 522 So.2d at 21 (citing with approval United States v. Gordon, 817 F.2d 1538, 1541 (11th Cir.1987)).
The state answers the appellant's argument by pointing out that the trial *122 prosecutor advanced a racially neutral reason for one of the three peremptory challenges made. This is not enough. Assuming that the reason given was sufficiently non-discriminatory,[1] a trial court's questioning may not be considered adequate if its examination is limited to ascertaining the prosecutor's intentions in striking only one of several black jurors. See Hargrove v. State, 530 So.2d 441 (Fla. 4th DCA 1988). Additionally, the trial court did not question the state regarding its exercise of peremptory challenges directed to two black females, despite defense counsel's objection on the ground that the state had not asked any questions of the two jurors. The failure to examine a juror or the examination of a juror in a perfunctory manner may be factors tending to show that the state's race-neutral explanation is not supported by the record or is an impermissible pretext. Slappy, 522 So.2d at 22. We therefore conclude that the defense met its initial burden of demonstrating a strong likelihood of bias.
Having decided that the defense satisfied its burden, we next consider that the trial court erred in failing to conduct a timely hearing that would require the state to offer specific reasons for the use of its peremptory challenges "based on the jury's responses at voir dire or other facts from the record." Slappy, 522 So.2d at 23. Because the court asked no questions of the state as to two of the three jurors so challenged, we are unable to find any evidence in the record that would allow us to form any conclusion concerning whether the state's challenges of those two jurors were grounded on racially neutral reasons. Consequently, the case must be remanded for new trial. See Pickett v. State, 537 So.2d 115 (Fla. 1st DCA 1988).
Appellant's conviction for possession of drug paraphernalia is REVERSED with directions that appellant be discharged as to such offense. His conviction for possession of cocaine is REVERSED and the cause REMANDED for new trial on said offense.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] Before exercising his challenge, the prosecutor had moved to excuse one of the jurors for cause, observing that the juror appeared to him to have a conflict and wished to be elsewhere.