551 So.2d 1248 (1989)
Kenneth Jerome THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2273.
District Court of Appeal of Florida, First District.
November 2, 1989.
*1249 Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant pled nolo contendere to possession of cocaine, reserving his right to appeal the trial court's denial of his motion to suppress. Appellant contends that the cocaine was seized as a result of an illegal pat-down search. We reverse.
Jacksonville deputies conducted a routine premises check of the E & Y Diner, a pool hall, on the evening of June 24, 1988. Officer Beckman testified that many times when the officers enter the pool hall they see people throwing down guns and drugs, but he didn't see anybody throwing down anything on this evening. The officers asked everybody to step next to the wall so they could look under the pool tables and booths set up in the hall. After appellant stepped away, Officer Beckman noticed three pieces of rock cocaine on the floor within a foot of where appellant was standing. Officer Beckman did not see who dropped the cocaine and had no idea how long the cocaine had been on the floor. There was another subject that was standing to the right of appellant in close proximity to the cocaine. Beckman searched both men. After patting down appellant and finding no weapons, Officer Beckman instructed appellant to remove his shoes where he found two pieces of crack cocaine. At this point, appellant was arrested for possession.
When Beckman was asked why he had appellant remove his shoes, he answered: "Well, it's a convenient hiding spot that many people have used to hide crack cocaine or marijuana or razor blades[1] or possibly even a pocket knife of some sort." Later Beckman was asked if he was specifically looking for a weapon when he had appellant empty his shoes and he responded: "Not specifically, no." Beckman also testified that appellant could have refused to empty his shoes and Beckman "probably" would have let appellant go. Beckman did not testify that he told appellant that appellant could refuse to empty his shoes.
We agree with appellant that to go beyond the temporary stop justified by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the police must have some additional articulable suspicions that the person they have stopped may be armed with a dangerous weapon. If they do, the police may conduct a frisk or pat-down necessary to disclose the presence of a weapon. However, the search may not exceed the pat-down of the suspect's outer clothing, unless that pat-down or other circumstances leads the officer to believe that the suspect has a weapon on his person. An officer may not continue to search the inside of a suspect's shoes in the hopes of finding contraband unless the officer reasonably believes the object concealed might be a weapon. In this case, since as Beckman candidly admitted he was not looking for a weapon in appellant's shoes, he exceeded the permissible scope of an investigatory pat-down by asking appellant to remove his shoes, and the subsequent seizure of cocaine was invalid. Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); Baldwin v. State, 418 So.2d 1219 (Fla. 2d DCA 1982); and Dunn v. State, 382 So.2d 727 (Fla. 2d DCA 1980). Beckman's testimony that appellant could "possibly" *1250 have had a pocket knife in his shoe did not save the search. White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984).
Although we find that Officer Beckman had a reasonable founded suspicion and could temporarily detain appellant when he saw rock cocaine in plain view near where appellant was standing, this founded suspicion did not rise to the level of probable cause to arrest appellant for possession so that the subsequent search could be validated as a search incident to lawful arrest. As this court said in Edwards v. State, 532 So.2d 1311, 1314 (Fla. 1st DCA 1988), mere proximity to contraband found in a public place and in the vicinity of several other people does not warrant a finding that the person or persons closest to the contraband possessed it.
REVERSED.
THOMPSON and MINER, JJ., concur.
NOTES
[1] It is commonly known that razor blades are used by cocaine users to "draw a line" for ingestion. Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989).