FULMER, Judge.
In this appeal, Antonio Graham challenges the denial of his motion to suppress evidence *1355 seized during a “Terry” stop.[1] We conclude that the pat-down search of the defendant was not justified and reverse.
As a result of an ongoing criminal investigation, two police officers went to the New Lounge to find a person named Johnny Fel-ton and arrest him. They had been provided a general description of Felton and a more specific description of his car. When they arrived at the lounge, they observed a ear in the parking lot that appeared to match the description they had been given. The officers watched the defendant and three other persons enter the car. The defendant matched the general description of Felton. Officer Timmons testified that, as the defendant was placing the keys into the ignition, “I asked him to wait a minute and asked him to identify himself.” The defendant gave the name Terrance Washington. “I wrote it down on a piece of paper. I asked him to step from the vehicle. He [sic] only had a general description. I didn’t know Mr. Fel-ton. I just had a general description so I had him step from the vehicle and patted him down.” When asked what happened after that, Officer Timmons stated that “I felt like an ID card in his back pocket.... I asked him if it was an ID card and he said yes. I asked if it was his and he said yes. I took it.... It said Nathanial Helly Butler.” Because the name on the ID did not match the name given by the defendant, Officer Tim-mons placed him under arrest for opposing an officer without violence. He then searched the defendant and found rock cocaine in his pocket. Later, a firearm was found under the front seat where the defendant had been sitting. The state filed an information charging the defendant with possession of cocaine, carrying a concealed firearm, felon in possession of a firearm, and obstructing or opposing an officer without violence.
After hearing argument of counsel, the trial court ruled:
I subscribe to the state’s version of the events and the applicable law. I find that it was reasonable for the officers to approach Mr. Graham and ask him what his name was because they had only a vague description of the defendant. They had a more exact description of the car. They thought they had the car. They had four individuals getting into the suspected vehicle. They have an individual who when asked what his name was, who gives a name and when asked if he has an ID, says no. They have a right to do a pat down at that point based on their suspicion that he is the person who perpetrated this crime. The officer feels an ID card in his pocket. He has lied to him. I think at that point it was permissible for him to consider that ID card to be contraband, evidence of a crime because your client just told him he didn’t have an ID card on him. He took it out of his pocket and verified he given [sic] a false name, committed a misdemeanor in his presence. Your motion to suppress is denied.
The defendant does not challenge the initial detention or the officer’s inquiry into his identity. His contention is that the officer had no authority to conduct a pat-down search. We agree. The trial court’s finding that the officers were authorized to conduct a pat-down search based on their suspicion that the defendant was another person they were looking for is contrary to the law as set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and as codified in the Florida Stop and Frisk Statute. A pat-down search incident to an investigatory stop may be conducted only if a law enforcement officer has a reasonable be *1356 lief that the person detained is armed with a dangerous weapon and, therefore, poses a threat to the officer or another person. § 901.151(5), Fla. Stat. (1993); State v. Webb, 398 So.2d 820 (Fla.1981). At the suppression hearing, there was no evidence presented that Officer Timmons believed or even feared that the defendant was armed. Moreover, even if probable cause to search for a weapon had existed, Officer Timmons exceeded the scope of a permissible search by reaching into the defendant’s pocket and removing his ID card. See Thompson v. State, 551 So.2d 1248 (Fla. 1st DCA 1989); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987).
Accordingly, we reverse the trial court’s denial of the motion to suppress in case number 94-12377 and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and BLUE, J., concur.

. The notice of appeal references circuit court case numbers 94-12377 and 90-14662. Because the defendant raises no issue for our consideration in case number 90-14662, we deem the appeal of the judgment and sentence in that case to be abandoned. In case number 94-12377, the judgment and sentence reflect a plea of guilty, which raises a jurisdictional issue. However, the record contains a written negotiated plea of nolo contendere with a reservation of the right to appeal the suppression issue. Based on our review of the plea and sentencing transcript, we are satisfied that the trial court accepted the plea as negotiated and we are also satisfied that the trial court's single reference to the plea as being one of guilty instead of nolo contendere was inadvertent. Therefore, we have jurisdiction. Our reversal renders the scrivener's error in the judgment and sentence moot.