WARNER, Judge.
A juvenile appeals an order of the trial court finding him to have committed the delinquent acts of burglary of a structure and grand theft. Appellant claims that the trial court erred in denying his motion to suppress evidence found when an officer stopped him for skipping school. We hold that the officer had authority to stop the appellant, and that the officer had an articu-lable suspicion to conduct the extent of the search in this case. We therefore affirm.
A Palm Beach Gardens police officer, on routine patrol within a mile of a Palm Beach County high school, saw appellant and another juvenile walking away from the school. Because he suspected that the juveniles were truants, he stopped them and asked where they were supposed to be. They responded that they were students at the high school and should .be in school. The officer confirmed that status with the high school security officer.
The officer then decided to return them to school. Prior to placing the juveniles in the officer’s cruiser, he patted them down, although he did not check their jacket pockets. As they were being transported, the officer observed appellant moving around in the back seat. He saw appellant remove his shoe and put it back on his foot. Believing these movements to be strange, and causing him to fear for his safety because he had not done a thorough check of the juveniles in the pat down, the officer pulled over to the side of the road and called for back up assistance.
The officer made the appellant remove his shoes which revealed a considerable sum of money. More money was found in appellant’s jacket pocket. The school security officer arrived and advised that money had been taken from the high school office that day. Upon being advised of his rights, appellant made incriminating statements.
The appellant moved to suppress his statements on the ground that the officer did not have any articulable suspicion to order him out of the car and commence a search. Moreover, he contends that because the officer insisted that appellant remove his shoes, the scope of the search exceeded the officer’s authority.
After an evidentiary hearing, the trial court ruled that the appellant was lawfully arrested for truancy. In addition, the court concluded that the officer had probable cause to fear for his safety. Therefore, the court denied the motion.
The appellant notes, and the state concedes, that the officer could not arrest the appellant child for truancy, because truancy is not a crime. However, the officer did have the authority to stop and transport the juvenile back to school pursuant to section 39.421(l)(b), Florida Statutes (1995). Therefore, his detention of the appellant was authorized.
The trial court also concluded that the second pat down was conducted when the *1248 officer feared for his own safety as he drove the juveniles back to school. The officer testified that he saw appellant make furtive movements, remove his shoe, and replace it. The officer was concerned that by not checking appellant’s jacket during the initial pat down, he may have missed a weapon. He testified that there are many types of weapons, including small guns, which could be secreted in a small place. There was no contrary evidence presented.
In Ornelas v. United States, — U.S. —, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), the Supreme Court held that determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. The appellate court, however, should review findings of historical fact only for clear error and give due weight to inferences drawn from those facts by trial courts and local law enforcement officials. Id. at —, 116 S.Ct. at 1663. We follow the United States Supreme Court in matters interpreting the Fourth Amendment to the Constitution. Art. I, § 12, Fla. Const.
A search pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), conducted by an officer in a stop and frisk situation may not extend beyond a pat down of a suspect’s outer clothing unless that pat down or other circumstances leads the officer to conclude that the suspect has a weapon on his person. Thompson v. State, 551 So.2d 1248 (Fla. 1st DCA 1989); Meeks v. State, 356 So.2d 45 (Fla. 2d DCA). In Richardson v. State, 599 So.2d 703 (Fla. 1st DCA 1992), the first district concluded that in order to conduct a Terry frisk, an officer must have some articulable suspicion to believe that the person is armed with a dangerous weapon. “[T]he police must have ‘some additional articulable suspicions that the person they have stopped may be armed with a dangerous weapon.’ ” Id. at 705 (citation omitted). Richardson gave examples of types of conduct which could constitute facts giving rise to articulable suspicion, including a suspect’s furtive movements or a bulge in a suspect’s clothing. Id. In the instant ease, the officer’s observation of appellant’s furtive movements in placing something in his shoe combined with the officer’s knowledge of many small weapons which could be secreted led the trial court to place credibility in the officer’s testimony that he feared for his own safety. That inference is permissible based upon the historical facts. Furtive movements in appearing to place something under a car seat constituted articulable suspicion that defendants were armed in State v. Brown, 395 So.2d 1202 (Fla. 3d DCA). We think that the furtive movements combined with the appearance of placing something in the shoe was likewise sufficient here.
We find Thompson, cited by appellant, to be distinguishable from this case. In Thompson, the officer conducting a check of a pool hall spotted cocaine rocks next to the defendant. The defendant was ordered to remove his shoes as part of a pat down. However, the officer admitted that he was not looking for a weapon in the defendant’s shoe. Because of this admission, the court invalidated the seizure of the cocaine found in defendant’s shoe, as the officer had no reasonable suspicion that the defendant was hiding a weapon. Similarly, our prior ease of Cooper v. State, 584 So.2d 1124 (Fla. 4th DCA 1991), is also distinguishable. In that case, the officer observed the defendant rock back and forth in the seat of the car. Our court specifically pointed out that the deputy did not observe - “any furtive movement or unusual bulge.” Id. at 1125.
In the instant case, the officer observed a furtive movement of the appellant trying to hide something in his shoe. Given the fact that he had not conducted a thorough pat down initially, we hold that this conduct, combined with the officer’s testimony as to his experience with small secreted weapons, was sufficient additional articulable suspicion to justify the search of the appellant’s shoes.
Affirmed.
STONE and STEVENSON, JJ., concur.