735 So.2d 570 (1999)
Kewanee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04724.
District Court of Appeal of Florida, Second District.
June 16, 1999.
*571 James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Kewanee Smith appeals the judgments and sentences entered against him for possession of cocaine and for violation of probation (case no. CF 96-03573A-XX), contending the trial court erred in denying his dispositive motion to suppress. We agree and reverse the judgment on the substantive offense.
The vehicle in which Mr. Smith was riding was stopped for having a cracked windshield, a violation of Florida law. Ultimately, the driver of the automobile was arrested for driving with a suspended driver's license. The arresting officer testified that he ordered the passengers, including Mr. Smith, to get out of the car for his own safety as he was, at the time, the only officer on the scene. He also testified that he intended to search the car and Mr. Smith, who was sweating and acting nervously as the officer placed the driver under arrest. A second officer arrived as the driver was being placed in the patrol car.
After ordering Mr. Smith out of the car, the officer commanded that Mr. Smith lean against a car and assume what is commonly referred to as "the position." Mr. Smith, however, refused to spread his legs. During the ensuing frisk, the officer became suspicious that Mr. Smith might have a weapon hidden in his shoe because he tried to hold that foot to the ground. Mr. Smith was ordered to remove his shoes. He complied, but ultimately the officers wrestled him to the ground. Feeling a hard lump in a sock and thinking it might be a razor blade, the officer removed Mr. Smith's sock and discovered a package of crack cocaine.
Two other facts merit comment. First, the officers observed no bulges that would indicate a concealed weapon in Mr. Smith's clothing; and second, the arresting officer testified that the check on the vehicle's occupants indicated a possible warrant for Mr. Smith's arrest. However, no warrant was ever proven to exist. There being no valid warrant, the search cannot be justified as incident to a lawful arrest.
Because the windshield was cracked, the vehicle's stop was justified. See Whren v. United States, 517 U.S. 806, *572 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). A police officer, as here, is permitted to then order the vehicle's passengers to exit pending the stop's completion. See Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997). Nevertheless, the authority to remove Mr. Smith from the car did not automatically confer upon the officer the authority to frisk him. Rather, an officer must be able to articulate a reasonable suspicion that a person is armed with a dangerous weapon before a frisk is presumed lawful. See Richardson v. State, 599 So.2d 703, 705 (Fla. 1st DCA 1992) (citing Thompson v. State, 551 So.2d 1248 (Fla. 1st DCA 1989)).
Prior to the patdown, the arresting officer observed nothing that created an articulable and reasonable suspicion that Mr. Smith was armed. He saw no bulges that might conceal a dangerous weapon, nor did Mr. Smith act furtively or suspiciously or say anything threatening. The mere fact that Mr. Smith, perspiring and nervous, watched as the driver was arrested does not give rise to a reasonable suspicion that he carried a weapon. The patdown of Mr. Smith violates the principles enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and section 901.151(5), Florida Statutes (1997).
Because the search exceeded constitutional limitations, we reverse and remand with instruction to discharge Mr. Smith from the possession of cocaine charge and for further proceedings in case number CF 96-03573A-XX consistent with this holding.
PARKER, C.J., and PATTERSON, J., Concur.