SALCINES, Judge.
C.F.G. appeals the denial of his disposi-tive motion to suppress the cocaine and drug paraphernalia which was seized from his pocket by a Hillsborough County deputy sheriff. We agree that there was no legal basis for the deputy to conduct a frisk or pat down. Therefore, the order denying the motion to suppress is reversed.
Two deputies had requested that C.F.G. provide them with identification and he escorted them to a hotel room to retrieve it. At that point in time, the deputies did not suspect C.F.G. of being engaged in any criminal activity. However, once the deputies were inside the hotel room, they observed a device identified as a “kaleidoscope” which is used to shine a light upon a wall. One of the deputies testified at the motion to suppress hearing that in his opinion such a device is sometimes used to enhance the effects of LSD and he considered it to be drug paraphernalia. Upon seeing the kaleidoscope, the deputy felt he had probable cause to detain C.F.G. He asked C.F.G. to remove the contents of his pockets and the deputy conducted a pat down search. As a result of this pat down, the deputy perceived that C.F.G.’s pocket contained cocaine and a straw, and these items were seized.
C.F.G. filed an unsuccessful motion to suppress the drugs and paraphernalia. Thereafter, he entered a plea of no contest to the possession of cocaine charge and expressly reserved the right to appeal the trial court’s order which denied his motion to suppress the cocaine and straw. Adjudication of delinquency was withheld and C.F.G. was placed on community control.
At the time C.F.G. was ordered to empty his pockets the deputies had no probable cause to arrest him for any crime. Additionally, one of the deputies testified at the hearing on the motion to suppress that there was no suspicion that C.F.G. was armed. Without such a concern or suspicion, the frisk was illegal. See Smith v. State, 735 So.2d 570 (Fla. 2d DCA 1999); Thompson v. State, 551 So.2d 1248 (Fla. 1st DCA 1989).
Further, during oral argument before this court, the State conceded that the kaleidoscope is not drug paraphernalia. The definition of paraphernalia as found in section 893.145, Florida Statutes (1997), states that the term means
all equipment, products, and materials of any kind which are used, intended for use, or designed to use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance....
Clearly, the kaleidoscope does not meet this definition. Therefore, the arresting officer’s contention that the kaleidoscope as drug paraphernalia was the basis for detaining C.F.G. is without merit.
Accordingly, the trial court erred when it denied the motion to suppress. The order is reversed and it is ordered that C.F.G. be released from the restraint of community control.
Reversed and remanded with directions.
PATTERSON, C.J., and NORTHCUTT J., Concur.