874 So.2d 42 (2004)
Adrian Earl MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1107.
District Court of Appeal of Florida, Second District.
May 7, 2004.
Rehearing Denied June 10, 2004.
James Marion Moorman, Public Defender, and A. Anne Owens, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Moore entered a no contest plea to possession of an altered or counterfeit driver's license imposed after the trial court denied his dispositive motion to suppress. Because the counterfeit driver's license was seized as the result of an illegal search, we reverse the judgment and sentence.
Moore was a passenger in an automobile that police stopped for having an inoperative taillight. When the officer approached the car, it took off and a low-speed chase ensued. Police ultimately *43 stopped the car, ordering the driver and passengers, including Moore, out of the car at gunpoint. The car's occupants were ordered to lie face down on the pavement, where they were handcuffed. An officer then searched their pockets.[1] Although Moore was not placed under arrest following the search of his pockets, the officer pulled Moore's wallet out of his pocket, opened it, and found the altered driver's license that was the subject of the motion to suppress. Moore was then arrested for possession of the altered driver's license.
Moore concedes that the initial stop of the car was proper and that it was proper for the police to order the passengers out of the car pending the completion of the stop. See Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); Smith v. State, 735 So.2d 570 (Fla. 2d DCA 1999). "Nevertheless, the authority to remove [a defendant] from [a] car [does] not automatically confer upon the officer the authority to frisk him." Smith, 735 So.2d at 572. Instead, the authority to frisk an individual who has been temporarily detained stems from the police officer's reasonable suspicion that the individual is armed with a weapon. § 901.151(5), Fla. Stat. (2003); State v. Webb, 398 So.2d 820, 824 (Fla.1981) (interpreting the "probable cause" standard enunciated in section 901.151(5) to mean reasonable suspicion). Thus, a police officer must articulate some reasonable basis for believing a person is armed with a weapon before frisking him during a valid vehicle stop. Sutton v. State, 698 So.2d 1321, 1323 (Fla. 2d DCA 1997).
Here, the officer articulated no basis that would justify the need to frisk Moore. Although he stated he believed that all of the passengers in the car were armed, he was not able to provide any factual basis for that belief despite defense counsel's persistent efforts to get the officer to explain his reasoning. Moore had no bulge in his pockets and made no furtive movements. The officer's mere belief, not grounded in any factual support, did not justify a frisk of Moore. However, even if the frisk were justified, nothing justified the officer's removing items from Moore's pockets without his consent after the initial patdown assured the officer's safety.
To his credit, the officer stated he would have had no probable cause to arrest Moore but for the search that revealed the altered driver's license. The State agreed that the ruling on the motion to suppress was dispositive. Because the evidence was seized as the result of an illegal search, we reverse and remand for the trial court to vacate the judgment and sentence.
Reversed and remanded.
CANADY and WALLACE, JJ., Concur.
NOTES
[1] Inside Moore's pockets, the officer found a pocketknife, a checkbook, a wallet, and the driver's license that is the subject of this appeal. The State has advanced no argument on the relevance of the pocketknife's discovery to the propriety of the subsequent search of Moore's wallet.