WOLF, C.J.,
Dissenting.
The trial court’s order denying the motion to suppress was based on a factual determination that the actions of the defendant in this case justified the officer conducting a pat down for his own personal safety. Unlike the majority, I am unable to conclude that the pat-down search of the defendant, Estevez, was not conducted out of any particularized concern for the officer’s safety but merely as a matter of routine. The statements of the trial court while issuing its ruling do not support the conclusion reached by the majority. In announcing its decision the trial judge referenced the defendant’s behavior in trying to hide something and specifically stated that the defendant’s actions caused some concern in the mind of the officer *187 about his own safety. Competent substantial evidence supported the ruling. A store employee and the officer testified concerning suspicious behavior in the store by this defendant which justified issuance of a trespass warning. The officer also testified that while walking to his patrol car to write the warning the suspect was walking in a manner to hide a side of his body from the officer, was acting very agitated, sweating, making a lot of nervous actions with his arms and hands, and his eyes were moving around a lot. While the officer testified that he routinely patted people down before putting them in the back of the patrol car, the officer indicated the pat down was conducted because of concern for his own personal safety. I believe the actions of the officer were reasonable and the factual findings of the trial court are supported by competent substantial evidence. I would affirm. See Richardson v. State, 599 So.2d 703 (Fla. 1st DCA1992).