990 So.2d 1255 (2008)
Anthony COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3987.
District Court of Appeal of Florida, Fourth District.
September 24, 2008.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's denial of appellant's motion to suppress. Law enforcement officers stopped appellant for a traffic infraction. Although there was no probable cause that a traffic infraction had occurred, appellant conceded the legality of the stop in the circuit court. After stopping appellant, the officer ordered him out of his car. At this point, the officer ran appellant's name and license for a warrant check, and ran the vehicle identification number to determine if the vehicle was stolen. Thereafter, the officer patted down appellant and found drugs. Under the circumstances of this case, the pat down was not justified. This is not a case where suspicious surrounding circumstances, combined with the officer's observation of a bulge on appellant's person justified a pat down. See L.D. v. State, 770 So.2d 164 (Fla. 4th DCA 2000); Moore v. State, 874 So.2d 42 (Fla. 2d DCA 2004); Ray v. State, 849 So.2d 1222 (Fla. 4th DCA 2003). This case is distinguishable from Graham v. State, whereby a pat down was reasonably justified where police observed a bulge in defendant's pocket and feared that he was armed, 495 So.2d 852, 853 (Fla. 4th DCA 1986).
STONE and GROSS, JJ., and ROSENBERG, ROBIN, Associate Judge, concur.