EVANDER, J.
 

 Kramer appeals from his conviction for tampering with physical evidence,
 
 [1]
 
 and resisting without violence.
 
 [2]
 
 He contends that the State’s evidence failed to establish that he was aware that a law enforcement investigation was about to commence when he allegedly swallowed a piece of crack cocaine. We find it unnecessary to address this issue because the trial court should have granted Kramer’s motion for judgment of acquittal where the arresting officer’s testimony established: 1) that the State’s evidence was obtained as the result of an unlawful investigatory stop; and 2) that the officer was not engaged in a lawful duty at the time of Kramer’s alleged resistance.
 

 The State’s only witness was Deputy Dan Lyons. Lyons testified that on the evening in question, he was on patrol in a “well-known and well-documented drug area” when he observed Kramer walking on the side of the road. Lyons told Kramer he wanted to talk to him. Kramer was “actively chewing, ..., like he was chewing gum or something to that effect.” Subsequently, Lyons asked Kramer if he could look in Kramer’s mouth to see what Kramer was chewing. According to Lyons, Kramer did not respond, but continued chewing. Deputy Lyons then instructed Kramer “just show me what you are chewing on.” Kramer partially opened his mouth and Lyons observed an “off-white, rock-like substance ... and then there’s like a white paste on his tongue.” Lyons believed the white substance was crack cocaine. He ordered Kramer to spit it out while trying unsuccessfully to prevent Kramer from swallowing the substance. Kramer was then arrested. Throughout the deputy’s testimony, defense counsel objected on the grounds that Lyon’s observations of the substance in Kramer’s mouth were the result of an illegal search and seizure. He again raised this issue in support of his motion for judgment of acquittal.
 

 The initial contact between Lyons and Kramer constituted a consensual encounter. However, when Deputy Lyons ordered Kramer to open his mouth, the consensual encounter was transformed into an investigatory stop.
 
 See Popple v. State,
 
 626 So.2d 185 (Fla.1993);
 
 Parsons v. State,
 
 825 So.2d 406 (Fla. 2d DCA 2002). To justify an investigatory stop of a citi
 
 *792
 
 zen, the officer must have a reasonable suspicion that the individual has committed, is committing, or is about to commit a crime.
 
 Popple,
 
 626 So.2d at 186. Kramer’s mere act of “actively chewing,” while walking late at night in a high-crime area, did not give Deputy Lyons a reasonable suspicion to believe that Kramer was engaged in criminal activity.
 

 We acknowledge that this issue was not raised on appeal.
 
 [3]
 
 However, ineffective assistance of appellate counsel may be considered during direct appellate proceedings where the ineffectiveness is apparent on the face of the record, and it would be a waste of judicial
 
 resources to
 
 require the trial court to address the issue.
 
 Sims v. State,
 
 998 So.2d 494 (Fla.2008).
 

 Defendant’s convictions are hereby REVERSED.
 

 ORFINGER and COHEN JJ., concur.
 

 [1]
 

 . § 918.13(l)(a), Fla. Slat. (2008).
 

 [2]
 

 . § 843.02, Fla. Stat.'(2008).
 

 [3]
 

 . The State was afforded the opportunity to file a supplemental brief addressing the Fourth Amendment issue.