EVANDER, J.
 

 Takerry Davis timely appeals his judgment and sentences for possession of drug
 
 *1126
 
 paraphernalia,
 
 [1]
 
 possession of twenty-grams or less of cannabis,
 
 [2]
 
 and possession of a concealed weapon by a felon.
 
 [3]
 

 These items of contraband were discovered by a law enforcement officer while performing a “protective patdown” of Davis and were the subject of Davis’ dis-positive pre-trial motion to suppress evidence.
 
 [4]
 

 The State’s evidence established that on November 24, 2009, at approximately 2:46 p.m., Officer McConnell observed several individuals in the courtyard of a “complex” located in a “high-crime area.” McConnell stopped his patrol car, got out, and began to walk toward the individuals. As he neared the group, Davis began to walk away. McConnell caught up to Davis and asked if he could briefly talk to him. Davis stopped and started talking to the officer.
 

 During the conversation, Officer McConnell observed a pocketknife clipped into one of Davis’ pants pockets. McConnell “secured” the pocketknife and “considered it necessary to patdown for weapons just to ... for my own safety....” Officer McConnell felt along the outside of a nylon bag being carried by Davis. The officer felt what he immediately recognized as a set of brass knuckles in the bag. The cannabis and drug paraphernalia were subsequently found on Davis’ person.
 

 When questioned by defense counsel, Officer McConnell acknowledged that the patdown was done without Davis’ consent and that there was nothing unlawful about the pocketknife.
 

 The Florida Supreme Court has explained that there are three levels of police-citizen encounters. The first level is typically referred to as a consensual encounter and involves only minimal police contact. During a consensual encounter, a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them.
 
 Popple v. State,
 
 626 So.2d 185, 186 (Fla.1993). The second level of police-citizen encounter involves an investigatory stop as enunciated in
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A police officer may temporarily detain a citizen if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime.
 
 Id.; see also
 
 § 901.151, Fla. Stat. (2009). The officer’s suspicion must be a well-founded, articulable one.
 
 Popple,
 
 626 So.2d at 186. Mere suspicion will not suffice.
 
 Id.
 
 The third level of police-citizen encounter is an arrest — which must be supported by probable cause that a crime has been or is being committed.
 
 Id.
 

 Here, the contact between Officer McConnell and Davis began as a consensual encounter, but was transformed into an investigatory stop when the officer secured Davis’ pocket knife and commenced his “protective patdown.” Accordingly, to justify this investigatory stop, the State was required to show that Officer McConnell had a reasonable suspicion that Davis had committed, was committing, or was about to commit a crime.
 
 Popple; see also Kramer v. State,
 
 15 So.3d 790 (Fla. 5th DCA 2009).
 

 The State contends that because McConnell had already found Davis to be in possession of one weapon, the pocketknife, it was reasonable for him to suspect
 
 *1127
 
 Davis might have additional weapons. We reject the State’s argument. Possession of a pocketknife, without more, does not create a reasonable suspicion that a citizen is involved in criminal activity. In the instant case, there was no evidence that Davis had made any furtive movements, or engaged in any conduct that was threatening in nature. The pocketknife was apparently openly visible and its possession was entirely lawful. To accept the State’s argument would mean that an officer could “stop and frisk” any individual observed in possession of a pocketknife even where there was no evidence suggesting that criminal activity was afoot.
 

 On remand, the trial court is directed to vacate the judgment and sentence and grant the motion to suppress.
 

 REVERSED and REMANDED.
 

 ORFINGER, CJ., and PALMER, J., concur.
 

 [1]
 

 . § 893.147(1), Fla. Stat. (2009).
 

 [2]
 

 . § 893.13(6)(b), Fla. Stat. (2009).
 

 [3]
 

 . 790.23, Fla. Stat. (2009).
 

 [4]
 

 . After the denial of his motion, Davis pled
 
 nolo contendere
 
 to the charges, specifically reserving his right to appeal the denial of the motion.