68 So.3d 330 (2011)
The STATE of Florida, Appellant,
v.
Dwight HERRON, Appellee.
No. 3D10-2538.
District Court of Appeal of Florida, Third District.
August 10, 2011.
Rehearing Denied September 2, 2011.
*331 Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellant.
Carlos J. Martinez, Public Defender, Howard K. Blumberg, Assistant Public Defender, and Michael A. Vera and Nicholas A. Reed, Certified Legal Interns, for appellee.
Before WELLS, C.J.,[*] and SHEPHERD, J., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
The State of Florida appeals an order granting the defendant's, Dwight Herron, motion to suppress a firearm seized from his person following a traffic stop. We affirm the order of the trial court.
After executing a valid routine traffic stop, Miami-Dade County Police Officer Robert McGrath ordered Herron out of his vehicle, and to place his hands on top of the roof for the purpose of an external pat-down search. After Herron placed his hands on the roof of the vehicle, Officer McGrath observed a bulge on the small of Herron's back. The pat-down and subsequent search revealed the bulge to be a holster and firearm.
Upon a lawful traffic stop, a police officer may order the driver out of his vehicle. See Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (finding a police officer's order for the defendant to exit a vehicle to be a de minimis intrusion into the driver's personal liberty). However, such a stop does not, in and of itself, give rise to a valid reason for a weapons pat-down. See Richardson v. State, 599 So.2d 703, 705 (Fla. 1st DCA 1992). Such a pat-down is authorized only where the officer has a reasonable suspicion to believe the suspect is armed with a dangerous weapon. See § 901.151(5), Fla. Stat. (2009); Richardson, 599 So.2d at 705.
The State argues the pat-down was lawful because Herron appeared "excruciating[ly] nervous, fidgety," could not produce a driver's license, proof of insurance, or car registration, and appeared to be "looking out the window [for] an avenue of escape." The State further points out that the officer did not feel comfortable returning to his vehicle to run a DAVID System identification or mug shot system identification of the defendant under the circumstances.
These series of events, either singularly or cumulatively, are insufficient to justify a pat-down when there is no additional articulable suspicion the person is armed with a dangerous weapon. See Ray v. State, 849 So.2d 1222, 1225 (Fla. 4th DCA 2003); Richardson, 599 So.2d at 705. The after-the-fact observation of a bulge on the defendant cannot be used as justification for a pat-down. See Richardson, 599 So.2d at 705. Thus, evidence of Herron's nervousness and Officer McGrath's hunch that "there was something going on," before the pat-down, were insufficient to create the requisite reasonable suspicion that Herron was armed with a dangerous weapon. See Coleman v. State, 990 So.2d 1255, 1255 (Fla. 4th DCA 2008).
We affirm the decision of the trial court.
*332 SCHWARTZ, Senior Judge (specially concurring).
In concurring, I have not overlooked D.N. v. State, 805 So.2d 63 (Fla. 3d DCA 2002), review denied, 819 So.2d 134 (Fla. 2002), in which we held that a police officer conducting a valid traffic stop could properly order a passenger to exit the vehicle and to place his hands where the officer could see them. While the facts of D.N. are certainly close to these, I think they are, nonetheless, decisively distinguishable. This is because the "hand-order" was not only de minimis but was incidental to, and an integral part of, the defendant's response to the completely appropriate requirement that he get out of the car. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). In this case, however, the officer avowedly ordered Herron to "assume the position," as it were, by placing his hands on the car for the separate and specific purpose of conducting a pat-down for weapons. As the Court says, however, in the absence of a founded suspicion of criminal activity or prior indication that the defendant was armed, the officer had no constitutional authority to do so. See also Davis v. State, 67 So.3d 1125 (Fla. 5th DCA 2011).
NOTES
[*] Chief Judge Wells did not participate in oral argument.