SHEPHERD, J.
The State of Florida appeals an order granting the defendant’s, Dwight Herron, motion to suppress a firearm seized from his person following a traffic stop. We affirm the order of the trial court.
After executing a valid routine traffic stop, Miami-Dade County Police Officer Robert McGrath ordered Herron out of his vehicle, and to place his hands on top of the roof for the purpose of an external pat-down search. After Herron placed his hands on the roof of the vehicle, Officer McGrath observed a bulge on the small of Herron’s back. The pat-down and subsequent search revealed the bulge to be a holster and firearm.
Upon a lawful traffic stop, a police officer may order the driver out of his vehicle. See Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (finding a police officer’s order for the defendant to exit a vehicle to be a de minimis intrusion into the driver’s personal liberty). However, such a stop does not, in and of itself, give rise to a valid reason for a weapons pat-down. See Richardson v. State, 599 So.2d 703, 705 (Fla. 1st DCA 1992). Such a pat-down is authorized only where the officer has a reasonable suspicion to believe the suspect is armed with a dangerous weapon. See § 901.151(5), Fla. Stat. (2009); Richardson, 599 So.2d at 705.
The State argues the pat-down was lawful because Herron appeared “excruciatingly] nervous, fidgety,” could not produce a driver’s license, proof of insurance, or car registration, and appeared to be “looking out the window [for] an avenue of escape.” The State further points out that the officer did not feel comfortable returning to his vehicle to run a DAVID System identification or mug shot system identification of the defendant under the circumstances.
These series of events, either singularly or cumulatively, are insufficient to justify a pat-down when there is no additional articulable suspicion the person is armed with a dangerous weapon. See Ray v. State, 849 So.2d 1222, 1225 (Fla. 4th DCA 2003); Richardson, 599 So.2d at 705. The after-the-fact observation of a bulge on the defendant cannot be used as justification for a pat-down. See Richardson, 599 So.2d at 705. Thus, evidence of Her-ron’s nervousness and Officer McGrath’s hunch that “there was something going on,” before the pat-down, were insufficient to create the requisite reasonable suspicion that Herron was armed with a dangerous weapon. See Coleman v. State, 990 So.2d 1255, 1255 (Fla. 4th DCA 2008).
We affirm the decision of the trial court.