*332 SCHWARTZ, Senior Judge
(specially concurring).
In concurring, I have not overlooked D.N. v. State, 805 So.2d 63 (Fla. 3d DCA 2002), review denied, 819 So.2d 134 (Fla. 2002), in which we held that a police officer conducting a valid traffic stop could properly order a passenger to exit the vehicle and to place his hands where the officer could see them. While the facts of D.N. are certainly close to these, I think they are, nonetheless, decisively distinguishable. This is because the “hand-order” was not only de minimis but was incidental to, and an integral part of, the defendant’s response to the completely appropriate requirement that he get out of the car. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). In this case, however, the officer avowedly ordered Herron to “assume the position,” as it were, by placing his hands on the car for the separate and specific purpose of conducting a pat-down for weapons. As the Court says, however, in the absence of a founded suspicion of criminal activity or prior indication that the defendant was armed, the officer had no constitutional authority to do so. See also Davis v. State, 67 So.3d 1125 (Fla. 5th DCA 2011).