898 So.2d 184 (2005)
Horace E. IVORY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1109.
District Court of Appeal of Florida, Fifth District.
March 11, 2005.
*185 James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Horace E. Ivory appeals the denial of his motion to suppress. We affirm.
Ivory was charged with driving while license revoked as a habitual offender[1] after he was stopped for driving with a cracked windshield. He filed a motion to suppress, alleging that the traffic stop was improper because there was no warrant and that the reason for the stop, a cracked windshield, was not a statutory offense. In his motion, he admitted that he was driving an automobile with a cracked windshield when the deputy stopped him; however, Ivory stated that the crack did not impair his vision and endangered neither him nor members of the public.
Section 316.2952, Florida Statutes, provides that a vehicle must have a windshield, and section 316.610 states that it is a civil infraction to drive a vehicle that is in an unsafe condition because of faulty or defective equipment that endangers the driver or other members of the public. Courts have held that it is a violation of this section to drive when the cracked windshield impedes a driver's vision. K.G.M. v. State, 816 So.2d 748 (Fla. 4th DCA 2002); Smith v. State, 735 So.2d 570 (Fla. 2d DCA 1999); Thomas v. State, 644 So.2d 597 (Fla. 5th DCA 1994). More important, under section 316.610(1), if a law enforcement officer has reasonable cause to believe a vehicle is unsafe or not equipped as required by law, the officer may require the driver to stop the vehicle and submit it to an inspection.
Ivory contends that the cracked windshield did not impair his vision and was not a safety hazard. He argues that the deputy had no reasonable suspicion to stop him. Further, he implies that the stop was a ruse or subterfuge to detain him. He contends that because the stop violated his rights, all evidence flowing from the stop should have been suppressed. What Ivory ignores is that the trial court heard the testimony of the witnesses and reviewed photographs of the windshield. After doing so, the trial court made a factual finding and determined that the cracked windshield provided a constitutional basis for the deputy to stop Ivory. It is irrelevant for our consideration what Ivory's opinion is. Our concern is whether the record evidence supports the trial court's findings of fact. If there is record support, those findings of fact come to this court presumed to be true, State v. Kindle, 782 So.2d 971 (Fla. 5th DCA 2001), and are accorded great deference by an appellate court, Johnson v. State, 438 So.2d 774 (Fla.1983).
The issue for the trial court was whether there was a constitutional basis, reasonable suspicion, for the deputy to stop Ivory. The motivations of the deputy are irrelevant. Dobrin v. Dep't of Highway *186 Safety & Motor Vehicles, 874 So.2d 1171, 1174 (Fla.2004). The deputy testified that he observed the cracked winshield while driving behind Ivory's car. Once he stopped Ivory and examined the windshield, he determined that it was unsafe. The deputy testified that it was a substantial crack and not a hairline crack or chip. After Ivory stated he did not have a license, the deputy wrote a traffic citation for driving with a suspended license,[2] which he later amended to driving while license suspended or revoked when he learned that Ivory was a habitual traffic offender. The court found that the deputy had objective reasonable suspicion, to stop Ivory and inspect the windshield. There is no error. See Whren v. United States, 517 U.S. 806, 814, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (the reasonableness of a traffic stop is based upon the validity of the basis asserted by the officer involved in the stop); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
AFFIRMED.
SAWAYA, C.J., and PETERSON, J., concur.
NOTES
[1] § 322.34(5), Fla. Stat. (2003).
[2] § 322.03(1), Fla. Stat. (2003).