902 So.2d 955 (2005)
STATE of Florida, Appellant,
v.
Fred O. BURKE, Appellee.
No. 4D03-4879.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellee.
*956 KLEIN, J.
The state appeals an order suppressing evidence of drugs found in defendant's car after he was stopped by an officer for having a broken taillight and a crack in his windshield. We affirm and certify conflict on the question of whether any visible crack in a windshield can justify the stop of a vehicle.
A detective and his partner, who were driving behind defendant, pulled him over after observing a cracked taillight and a crack in the windshield. When they discovered that defendant did not have a valid driver's license, they arrested him and, during a search incident to the arrest, found drugs in his pocket. They did not issue a ticket for the broken taillight or the crack in the windshield.
At the suppression hearing one of the detectives first testified that the windshield was badly cracked and that it was very noticeable, but on cross-examination he was unable to say where on the windshield the crack was located or the length, size or shape of the crack. He concluded his testimony by saying that he had "made so many stops on cracked windshields and seen so many cracked windshields, I didn't note it in the report. So I just remember it was cracked." The second detective remembered that there was a crack in the windshield but he was unable to recall any other detail about it. The owner of the car testified that there was a very small crack on the passenger side of the windshield.
The trial court concluded that the state had not met its burden of demonstrating that the crack in the windshield was a safety problem, that the crack was accordingly not a proper basis for the stop, and suppressed the evidence which resulted from the search.
As to the crack in the taillight, the court found that, although there was a crack in the red lens which was emitting white light, the red lens still partially covered the taillight and the stop for the cracked taillight was improper under Frierson v. State, 851 So.2d 293 (Fla. 4th DCA 2003), rev. granted State v. Frierson, 870 So.2d 823 (Fla.2004). We conclude without further discussion that the trial court properly applied Frierson and next address whether the crack in the windshield was a proper basis for the stop.
Section 316.2952, Florida Statutes (2003), provides that a windshield is required on every motor vehicle and that a violation of this statute is a noncriminal traffic infraction. Section 316.610(1) expressly gives a police officer the authority to require the driver of a vehicle to stop and submit the vehicle to an inspection if the officer has reasonable cause to believe that the vehicle is "unsafe or not equipped as required by law or that its equipment is not in proper adjustment or repair." The parties have not cited any other statute bearing on the question of whether a mere crack in a windshield, regardless of size or location, is unsafe. Nor was there any testimony in this case to that effect.
In Hilton v. State, 901 So.2d 155 (Fla. 2d DCA 2005), the second district, en banc, construed these statutes as follows:
Although the above two statutes do not specify under what circumstances an officer may stop a car to perform a safety inspection of a broken windshield, we conclude that an officer may stop a vehicle with a visibly cracked windshield regardless of whether the crack creates any immediate hazard.
The court affirmed the denial of a motion to suppress, where the stop was based on a seven inch windshield crack in the upper corner on the passenger side.
As we noted earlier, the trial court in this case granted the motion to suppress, while in Hilton the trial court denied the motion to suppress; however, it is undisputed that there was a crack in the windshield of the car in this case. If the majority *957 opinion in Hilton is correct, it would follow that the stop in the present case for the crack in the windshield was proper. The correctness of Hilton, may depend on whether Doctor v. State, 596 So.2d 442 (Fla.1992), is still good law in light of Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
In Doctor, the Florida Supreme Court held that a crack in the lens of a taillight was not a proper basis for the stop of a car because the taillight was still emitting red light in compliance with the statutory requirement for a taillight. Our supreme court held in Doctor that a reasonable officer would have known that the taillight was still in compliance with the law. The majority in Hilton recognized the significance of Doctor, but noted that it was decided prior to Whren. In Whren the United States Supreme Court held that, when determining whether the stop of a vehicle is proper, the standard is whether the officer could have had a reasonable belief that the driver committed a crime or traffic infraction, and that the subjective intent of the officer involved was not relevant.
We conclude that Doctor is still good law and that the majority opinion in Hilton is inconsistent with Doctor. Judge Northcutt, in his dissent in Hilton, has explained all of this in more detail, and we adopt his reasoning. Although the trial court ruled in this case before Hilton was decided, the court's conclusion that the state had not met its burden of demonstrating that the crack in the windshield was a safety problem is consistent with Doctor. We accordingly affirm and certify direct conflict with Hilton.
SHAHOOD and TAYLOR, JJ., concur.