913 So.2d 69 (2005)
STATE of Florida, Appellant,
v.
Thomas Robert SCHUCK, Appellee.
No. 4D04-2994.
District Court of Appeal of Florida, Fourth District.
September 28, 2005.
Rehearing Denied November 17, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellant.
Jonathan Jay Kirschner of Kirschner & Garland, P.A., Fort Pierce, for appellee.
POLEN, J.
This appeal arises from a non-final order granting Thomas Schuck's motion to suppress evidence, finding that Schuck's Fourth Amendment right against an unreasonable search and seizure was violated when the officer stopped Schuck's car for a broken taillight. For the reasons set forth below, we reverse.
Schuck was charged by information with possession of cannabis, with intent to sell or deliver, in violation of section 893.13(1)(a), Florida Statutes. Schuck filed a pretrial "Motion to Suppress Evidence and Unlawful Search," in which he argued that any evidence was seized without a validly executed search warrant and any statements were obtained as the result of a tainted unlawful stop. Following the evidentiary hearing, the trial court made the following findings of fact:
On February 4, 2004, at 8:40 p.m.[1], Schuck's wife, Shana, was driving a vehicle registered to Schuck and Shana. Schuck and another passenger sat in the back seat. Officer Levasseur of the Port St. Lucie Police Department had received a BOLO from detectives that the vehicle had a broken taillight and was asked to stop the vehicle. The officer observed the vehicle make a turn at an intersection and got behind the vehicle. He noticed that the rear taillight on the driver's side had red tape over it. He also observed some white light shining out of the area covered by the red tape. He stopped the vehicle for a defective *70 taillight. He observed a hole the size of a fist in the red lens covering the taillight, which had red tape over the hole with some cracks, allowing white light to shine through the tape. As he approached the vehicle, he smelled marijuana coming from the vehicle.
The officer proceeded to issue a citation to Shana for driving a vehicle with improper and unsafe equipment. He asked her about the marijuana smell, at which time, Shana admitted she had smoked marijuana earlier. He asked her for consent to search the vehicle and she consented to the search. He asked the occupants to step out and proceeded to search the vehicle.
On the back seat, where Schuck was sitting, the officer found a white plastic bag containing two clear bags of what field tested to be marijuana. Due to the quantity of marijuana, Schuck was arrested for felony possession of marijuana and possession with intent to sell. The only evidence presented to justify the stop was the broken taillight.
Under these facts, we hold that the trial court erred in suppressing evidence and statements obtained by the police without a warrant after stopping the vehicle for the broken taillight.[2] The officer had reasonable cause to believe that the taillight was broken based on the visible hole in the lens on the taillight and because a white, rather than red or amber, light emanated from the taillight. Thus, the officer was authorized to stop Schuck pursuant to section 316.610(1), Florida Statutes, which states:
Any police officer may at any time, upon reasonable cause to believe that a vehicle is unsafe or not equipped as required by law, or that its equipment is not in proper adjustment or repair, require the driver of the vehicle to stop and submit the vehicle to an inspection and such test with reference thereto as may be appropriate.
Additionally, section 316.610(2) addresses stops for equipment violations that are not unduly hazardous:
In the event the vehicle is found to be in unsafe condition or any required part or equipment is not present or is not in proper repair and adjustment, and the continued operation would probably present an unduly hazardous operating condition, the officer may require the vehicle to be immediately repaired or removed from use. However, if continuous operation would not present unduly hazardous operating conditions, that is, in the case of equipment defects such as tailpipes, mufflers, windshield wipers, marginally worn tires, the officer shall give written notice to require proper repair and adjustment of same within 48 hours, excluding Sunday.
Under the above statutes, law enforcement has the authority to stop a vehicle requiring proper repair or not equipped as required by law. Based on the trial court's factual findings, the officer had reasonable cause to stop the vehicle based on a founded suspicion that it was in violation of section 316.221(1)[3] regarding taillamps, which provides, in pertinent part:

*71 Every motor vehicle ... shall be equipped with at least two taillamps mounted on the rear, which, when lighted as required in s. 316.217, shall emit a red light plainly visible from a distance of 1,000 feet to the rear ... An object, material, or covering that alters the taillamp's visibility from 1,000 feet may not be placed, displayed, installed, affixed, or applied over a taillamp.
We reject Shuck's argument that an affirmance in this case is required under Doctor v. State, 596 So.2d 442 (Fla.1992), Frierson v. State, 851 So.2d 293 (Fla. 4th DCA 2003),[4] and Johnson v. State, 888 So.2d 122 (Fla. 4th DCA 2004). Each of those cases held unlawful a stop based solely on a crack in the plastic lens covering the taillight of the defendant's vehicle. In the instant case, in contrast, the officer observed a hole the size of a fist in the red lens covering the taillight. Similarly, we distinguish our recent opinion in State v. Burke, 902 So.2d 955 (Fla. 4th DCA 2005). In Burke, we concluded without discussion that the trial court properly applied Frierson in finding that although there was a crack in the red lens which was emitting white light, the red lens still partially covered the taillight and the stop for the cracked taillight was improper.
In the case at bar, the trial court made findings of fact relevant to whether the officer had reasonable cause to believe that the taillamp required proper repair or was not equipped as required by law. He observed a hole the size of a fist in the red lens covering the taillight, which had red tape over the hole with some cracks allowing white light to shine through the tape. Based upon the trial court's factual findings, the officer was reasonable in his belief that the vehicle was not in compliance with section 316.221(1) and could be stopped for inspection pursuant to 316.610(1), (2). "All that is required for a valid vehicle stop is a founded suspicion by the officer that the driver of the car, or the vehicle itself, is in violation of a traffic ordinance or statute." Davis v. State, 788 So.2d 308, 309 (Fla. 5th DCA 2001).
Section 316.610(1) expressly gives a police officer the authority to require the driver of a vehicle to stop and submit the vehicle to an inspection if the officer has reasonable cause to believe that the vehicle is "unsafe or not equipped as required by law or that its equipment is not in proper adjustment or repair" (emphasis added). Thus, the legislature clearly did not limit the authority of the police to only those cases in which the equipment created some immediate or heightened level of risk. See Hilton v. State, 901 So.2d 155, 157 (Fla. 2d DCA 2005) ("By necessary implication, the stop of a vehicle is proper even if the equipment violation does not create an unduly hazardous operating condition."). A stop is lawful under section 316.610 where the vehicle reasonably appears to have an equipment violation. See, e.g., State v. Snead, 707 So.2d 769, 770 (Fla. 2d DCA 1998) (holding that stop was reasonable where officer had probable cause to believe that appellee's taillight and brake light were inoperable).
We conclude that the officer lawfully stopped Schuck's car based on the fact that the broken and not properly repaired red lens covering the taillight contained a hole the size of a fist, causing the taillamp to emit white light. The equipment violation was a noncriminal traffic infraction. See § 316.221(1). Therefore, we reverse *72 the trial court's order granting Schuck's motion to suppress evidence and remand this case to the trial court for further proceedings consistent with this opinion.
Reversed.
STEVENSON, C.J., and CROW, DAVID F., Associate Judge, concur.
NOTES
[1] We take judicial notice of the fact that it was dark out during the subject stop.
[2] A trial court's ruling on a motion to suppress is a mixed question of fact and law. Shingles v. State, 872 So.2d 434, 437 (Fla. 4th DCA 2004). While legal conclusions should be reviewed de novo, "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. U.S., 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). An appellate court accords "great deference" to a trial court's ruling on a motion to suppress. Connor v. State, 803 So.2d 598, 605 (Fla.2001).
[3] A violation of section 316.221 is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318. See § 316.221(3), Fla. Stat.
[4] Review to the Florida Supreme Court granted by State v. Frierson, 870 So.2d 823 (Fla. 2004) (Oral argument May 4, 2004).