970 So.2d 491 (2007)
Patrick LANGELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2419.
District Court of Appeal of Florida, Second District.
December 19, 2007.
Dwight R. Dudley, St. Petersburg, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Patrick Langello entered a nolo contendere plea to charges of carrying a concealed *492 firearm and possession of marijuana. He reserved the right to appeal the denial of his motion to suppress the evidence found in his car as a result of a traffic stop for a broken tag light. We reverse on the ground that the stop was unconstitutional because one of the two tag lights illuminating his license plate was operating and, therefore, there was no traffic violation to justify the stop.
"An automobile stop is . . . subject to the constitutional imperative that it not be `unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Police stopped Langello's car because only one of two lights illuminating his tag was operational. The officer who stopped Langello believed this violated section 316.221(2), Florida Statutes (2004). Section 316.221(2) requires vehicles to be equipped with "either a taillamp or a separate lamp" that is "placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear." The officer who stopped Langello acknowledged that although one tag light was not working, the car had a second light illuminating the tag. When asked whether the tag was rendered illegible because of the single malfunctioning light, she testified that she could not recall.
Langello argues that the statute requires only a single operational light and that the officer erroneously focused on whether both tag lights were functioning instead of on whether the tag was "clearly legible." He contends that as long as he had a single operational light and the tag was "clearly legible," he was not violating the statute and the officer did not have probable cause to stop him. We agree. In Gordon v. State, 901 So.2d 399 (Fla. 2d DCA 2005), police officers conducted a traffic stop of Gordon's car on the mistaken belief that driving with an object hanging from the rearview mirror constituted a traffic infraction. Id. at 405. The court held that the officers' misapprehension of the law did not establish probable cause to stop the vehicle. Id. Here, as in Gordon, the officer's belief that there was an equipment violation because only one tag light was working was a mistake of law which did not establish probable cause to stop Langello's car.
The State contends that even if Langello did not violate section 316.221(2), the stop was proper under section 316.610(1), Florida Statutes (2004). Section 316.610(1) gives a police officer authority to require the driver of a car to stop and submit to an inspection if the officer has reasonable cause to believe that the car is unsafe or not equipped as required by law. See State v. Schuck, 913 So.2d 69 (Fla. 4th DCA 2005) (holding that a police officer lawfully stopped the defendant's car based on the reasonable belief that the taillight was broken, which was an equipment violation). However, as explained above, the State did not establish that Langello's car was not equipped as required by law, and it made no attempt to establish that the car was unsafe. Accordingly, the stop was not authorized under section 316.610(1). See Hilton v. State, 961 So.2d 284, 290 (Fla.2007) (holding that a stop for a cracked windshield is permissible only where an officer reasonably believes that the crack renders the vehicle in an unsafe condition).
*493 Because the police did not have probable cause to believe that Langello had committed a traffic violation, the stop of his car was unlawful, and the trial court should have granted Langello's motion to suppress. Accordingly, we reverse and remand with directions to discharge Langello.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.