CLARK, J.
 

 Patrick Davison appeals the denial of his motion to suppress the evidence he admitted was in his car after a traffic stop. We affirm.
 

 The appellant was stopped on the night of January 15, 2007, when police officers observed that his rear registration license plate tag light was not illuminating the license plate. Davison argues that the traffic stop was unconstitutional on several grounds, only one of which merits discussion. He contends that because the officer was mistaken in his belief that section 316.221(2), Florida Statutes (2007), required the tag to be legible from a distance of 100 feet, no traffic violation occurred, thus the officer did not have a valid basis for a traffic stop.
 

 “An automobile stop is ... subject to the constitutional imperative that it not be ‘unreasonable’ under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.”
 
 Whren v. United States,
 
 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996);
 
 Langello v. State,
 
 970 So.2d 491 (Fla. 2d
 
 *35
 
 DCA 2007). The appellant relies on
 
 Lan-gello
 
 in support of his contention that so long as the rear registration tag was clearly legible from 50 feet, as section 316.221, Florida Statutes (2007), requires, the officer did not have probable cause to initiate a traffic stop because the appellant was not violating the statute. Notably, the trial court found among conflicting testimony that Davison’s tag was
 
 not
 
 illuminated so as to be legible from 50 feet. The trial court’s factual findings were supported by competent, substantial evidence and thus must not be disturbed on appeal.
 
 Butler v. State,
 
 706 So.2d 100 (Fla. 1st DCA 1998).
 

 In any event, the present case is distinguishable from
 
 Langello.
 
 In that case, police officers stopped the defendant’s vehicle because only one of the two tag lights was operational and the officers erroneously believed that having one light out was a violation of section 316.221(2), Florida Statutes. The trial court found that “the officer’s belief that there was an equipment violation because only one tag light was working was a mistake of law which did not establish probable cause to stop Langello’s car.”
 

 Here, Davison was stopped by police on that night because Davison’s tag light was not illuminated “at all.” Section 316.221(2), Florida Statutes, requires that “either a taillamp or separate lamp shall be ... placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear.” Failure to have any rear tag light visible at all constitutes a traffic violation. Contrary to the appellant’s assertion, the officers did not rely on the distance from which Davison’s license plate was legible, but upon the absence of any illumination of the tag as a basis for the traffic stop. A police officer may conduct a traffic stop for a violation of the tag light requirement. § 316.610, Fla. Stat. (2007). Even though the officer mistakenly believed that section 316.221(2), Florida Statutes (2007), required Davison’s tag to be clearly legible from 100 feet, the officer nonetheless had probable cause to initiate the traffic stop because the tag was not illuminated at all. Thus, although the officer was mistaken about one aspect of the statutory lighting requirement, the facts established that there was a violation of the traffic law.
 

 Because the police did have probable cause to believe that Davison had committed a traffic violation, the stop was lawful and the trial court properly denied Davi-son’s motion to suppress.
 

 AFFIRMED.
 

 KAHN and DAVIS, JJ., concur.